.PHILIP CAREY COMPANY *v*. CENTRAL FERTILIZER COMPANY.

ATKINSON, J. The Philip Carey Company obtained a judgment in Alabama against Morgan & Company, for material furnished to that firm as contractors for the purpose of improving real estate of the Central Fertilizer Company in Burke county, Georgia. After obtaining a judgment against the contractors, the plaintiffs instituted an action to the April term, 1914, of Burke superior court, to foreclose an alleged materialman's lien on the property improved. The suit was duly served on the president of the defendant company. The defendant did not appear and plead at the appearance term, nor was the appearance docket called or the case marked in default. On the first day of the October term, when the case was called in its order for trial, there being no appearance for the defendant, the judge directed a verdict for the plaintiff, by default, for the full amount sued for, setting up the lien as prayed; and judgment was duly entered thereon. Two days later, during the same term and before the verdict and judgment were entered on the minutes, the defendant presented to the judge a motion to set aside the verdict and judgment, with a prayer to be allowed to file an answer setting up its defense to the action, alleging: (*a*) The case was not in default. (*b*) Defendant applied to the clerk of the court for a certified copy of the record of the alleged lien, and the clerk furnished the transcript, which showed that the lien had been paid in full and was duly canceled on the records of the county. (*c*) On the 6th day of July the clerk informed defendant in writing that there was no suit pending between the parties. (*d*) The defendant, in good faith relying on the certificate of the clerk that the lien had been canceled and that there was no suit pending, did not appear on the first day of the term and make its defense, although it had a good and valid legal defense to the suit. In response to a rule to show cause, the plaintiffs filed a general demurrer to the motion. The court overruled the demurrer, and rendered the following judgment: "The above-stated motion coming on to be heard this day before me, after written notice to plaintiff, Philip Carey Co., and it appearing to the court that the suit in the above-stated case having been filed returnable to the April term of Burke superior court; and it further appearing that no default having been entered in said case; and it appearing that the defendant had been furnished, at its request, by the clerk of the superior court of Burke county with a copy of the lien recorded by the plaintiff in his office, and said copy having endorsed thereon a statement signed by the plaintiff reciting that the lien had been paid in full and that the clerk was instructed to cancel the same of record; and it further appearing that the defendant had addressed a communication to the clerk, inquiring if a suit was pending by plaintiff against defendant, and the clerk of the superior court of Burke county having replied in writing on July 6, 1914, informing the defendant that there was no such suit pending; and it further appearing that on the first day of court that said case was submitted to a jury under the direction of the court and a verdict returned and a judgment entered, signed by the judge and the attorneys,

and defendant discovering on the first day of the court that said verdict and judgment had been returned against him, but before that, relying on the statement of the clerk that there was no such suit pending, had not filed any answer; and it further appearing that the defendant had a meritorious defense to said action; and the defendant on said first day of court having moved to vacate judgment and set aside the verdict and open default: Upon hearing the motion it is ordered that the judgment rendered be vacated, and the verdict set aside, and the default opened, and the defendant be permitted to plead to the merits of said case. Ordered further, that the said plea shall be filed within ten days from the date of this order, and that copy of said defense shall be served upon the plaintiff or its counsel, and that said case shall stand for trial at the next term of the superior court of Burke county. And it [is] further ordered that the defendant shall pay all the accrued cost in said case before filing said defense." The plaintiff assigned error upon the judgment overruling the demurrer, and upon the order vacating the judgment. *Held*, that the petition to set aside the judgment was sufficient as against general demurrer, and there was no abuse of discretion in rendering the judgment.

*Judgment affirmed. All the Justices concur, except Evans, P. J., disqualified.*

DECEMBER 17, 1915.

Motion to vacate judgment. Before Judge Hammond. Burke superior court. November 7, 1914.

*H. L. Graves*, for plaintiff.

*Evans & Evans*, for defendant.